**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

|  |  |  |
|---|---|---|
| **LINDA POOLE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 3:08CV237** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiff's Motion for Summary Judgment and Defendant's Motion to Remand.[1]  Plaintiff, Linda Poole, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for Social Security Disability Insurance Benefits (DIB).  The Commissioner's final decision is based on a finding by the Administrative Law Judge (ALJ) that Plaintiff was not disabled as defined by the Social Security Act (the Act) and applicable regulations.

For the reasons discussed below, it is the Court's recommendation that Defendant's Motion to Remand (docket no. 11) be GRANTED; that Plaintiff's Motion for Summary

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil Rules 5 and 7(C).  In accordance with these rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments and will further restrict its discussion of Plaintiff's medical information to the extent necessary to properly analyze the case.

Judgment (docket no. 8) be DENIED AS MOOT; and that the final decision of the Commissioner be REVERSED AND REMANDED for further administrative proceedings consistent with this Report and Recommendation.

## I. PROCEDURAL HISTORY

Plaintiff filed for DIB on April 11, 2006, claiming disability due to fibromyalgia, spinal stenosis, herniated disc, osteoarthritis, osteoporosis, osteopenia, chronic fatigue, chronic pain, depression, bad short term memory, bursitis, hypothyroid, insomnia, thick left ventricle due to high blood pressure and restless leg syndrom. (R. at 37-39, 83-84.)  Initially, the Plaintiff alleged that the disability's onset date was April 1, 2005.  (R. at 84.)  This date was amended to March 9, 2006 to coincide with Ms. Poole's last date of employment. (R. at 441)    The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[2] (R. at 27-29, 33-35.)  Plaintiff requested a hearing and on November 7, 2007, accompanied by counsel, she testified before the ALJ.  (R. at 439-73.)  On November 30, 2007 the ALJ denied Plaintiff's application, finding that she was not disabled under the Act because there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform. (R. at 21.)  The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court.  (R. at 6-8.)

## II. QUESTION PRESENTED

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services (DDS), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA.  20 C.F.R. Part 404, Subpart Q; see also § 404.1503.  Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

### III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; <u>Mastro</u>, 270 F.3d at 177. The analysis is conducted for the Commissioner by the ALJ, and it is that process that a court must examine on appeal to determine whether the correct legal standards were applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" (SGA).[3] 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. <u>Id.</u> If the claimant establishes that she did not engage in SGA, the second step of the analysis requires her to prove that she has "a severe impairment . . . or combination of impairments which significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); <u>see also</u> 20 C.F.R.404.1520(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function. 20 C.F.R. § 404.1520(c). At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result

---

[3] SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

in death, it constitutes a qualifying impairment and the analysis ends. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the impairment does not meet or equal a listed impairment, then the evaluation proceeds to the fourth step in which the ALJ is required to determine whether the claimant can return to her past relevant work[4] based on an assessment of the claimant's residual functional capacity (RFC)[5] and the "physical and mental demands of work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will not be awarded. Id. However, if the claimant cannot perform her past work, the burden shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The Commissioner can carry his burden in the final step with the testimony of a VE. When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform.

---

[4] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[5] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Id. (footnote omitted).

5

Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).  Only when the hypothetical posed represents *all* of the claimant's substantiated impairments will the testimony of the VE be "relevant or helpful."  Id.  If the ALJ finds that the claimant is not capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits.  20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

## IV.  ANALYSIS

Plaintiff has moved for a finding that she is entitled to benefits as a matter or law, or in the alternative, she seeks reversal and remand for additional administrative proceedings.  (Pl.'s Mem. Supp. Mot. Summ. J. "Pl.'s Mem." at 1.)  In support of her position, Plaintiff argues that: (1) the Commissioner failed to produce substantial evidence of work which Ms. Pool could perform by failing to consult a VE about the effects of non-exertional factors flowing from Ms. Poole's pain; and (2) the ALJ erred in his assessment of Ms. Poole's RFC by not affording her treating physicians the proper consideration.  (Pl.'s Mem. at 9-14.)  In response, Defendant has filed a Motion to Remand, agreeing that use of a Vocational Expert was necessary to determine the effect of non-exertional limitations on the occupational base for sedentary work. (Def.'s Mot. Remand ¶ 3.)  Plaintiff has filed an Objection to the Defendant's Motion to Remand, arguing that this Court may find a sufficient basis on which to award benefits, without remanding the issue back to the ALJ.

In order for this Court to reverse the decision of the ALJ and award benefits to the Plaintiff without further review, the Record must be fully presented and must contain all relevant facts for the Court's consideration.  The standard of review in social security cases is whether "substantial evidence supports the Secretary's determination."  Stanley v. Schweiker, 729 F.2d 988, 990 (4th Cir. 1984) (citing Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981)).  The law

6

clearly states that when reviewing the case, the Court may not make findings of fact or resolve conflicts apparent in the evidence. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). In cases where the Secretary did not consider all relevant evidence at the hearing, the Court cannot appropriately determine whether the "substantial evidence supports" the Secretary's determination. Gordan v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) (citations omitted). As the Fourth Circuit has explained, "[u]nless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" Id. at 236 (citing Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977)). Here, both parties agree that the ALJ should have requested the aid of a VE in determining the effect of non-exertional limitations on Plaintiff's ability to work. Without this testimony, the Record is incomplete and the Court cannot effectively determine, on any grounds, whether the Secretary's decision is supported by substantial evidence. Thus, the case must be remanded.

## V. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Defendant's Motion to Remand (docket no. 11) be GRANTED; and Plaintiff's Motion for Summary Judgment (docket no. 8) be DENIED AS MOOT; and, that the final decision of the Commissioner be REVERSED AND REMANDED for further proceedings to obtain vocational expert testimony concerning the effect of non-exertional limitations on the occupational base for sedentary work, as well as to give the Plaintiff the opportunity to submit any additional relevant evidence. Furthermore, the ALJ shall also take any other action necessary to complete the administrative record prior to issuing a new administrative decision.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Robert E. Payne and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within ten (10) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
DENNIS W. DOHNAL
UNITED STATES MAGISTRATE JUDGE

Date: September 30, 2008
Richmond, Virginia